OPINION
Defendant-appellant Rodney Cundiff appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of aggravated robbery, in violation of R.C. 2903.11, and one count of felonious assault, in violation of R.C. 2911.01. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At 11:30 a.m. on June 20, 1997, David Wechter left his office at Key Bank and drove his 1992 Town Country Minivan to a rental property he owned at 2310 Crown Place, NW, Canton, Ohio. Wechter had a noon appointment to show a rental unit to prospective tenants.
Once at his apartment building, Wechter began picking up trash around the area where trash barrels are left for collection by city refuse workers. As he cleaned the debris, Wechter found a prescription pill bottle on the ground. Across the street at a distance of ten yards, Wechter observed an individual, who was later identified as appellant, sitting on Deborah Carter's porch. Because Carter put her garbage pails in the area Wechter found the prescription bottle, he asked appellant if the bottle belonged to him. Appellant replied, "No".
At 11:45 a.m., the prospective tenants arrived and Wechter showed them the rental unit. As Wechter was locking up the apartment after the showing, appellant entered the apartment. Wechter, who thought appellant was inquiring about the property, extended his hand to introduce himself. In response, appellant struck Wechter in the head with a landscape brick. The blow knocked Wechter unconscious.
When Wechter regained consciousness, he placed wet towels around his head and stumbled outside the building. He flagged down an East Ohio Gas truck, and the driver called 911. Subsequently, Wechter noticed his wallet, keys, and minivan were missing.
Paramedics transported Wechter to Mercy Medical Center, where he was treated for a depressed skull fracture, requiring ten staples in his head. Wechter was hospitalized for two days and remained under medical supervision for four weeks. As a result of the attack, Wechter missed three weeks of work.
On July 4, 1997, Officer Michael Recktenwalt, an investigator for the Canton Police Department, presented Wechter with a photographic array from which the victim identified an individual, who was not appellant, as his attacker. After follow-up investigation, Officer Recktenwalt presented Wechter with another photographic array. From this set of photographs, the victim identified appellant as his assailant.
On August 14, 1997, the Stark County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C.2911.01, and one count of aggravated robbery, in violation of R.C.2903.11. At his arraignment on August 22, 1997, appellant entered a plea of not guilty to the charges. A jury trial commenced on October 21, 1997.
At trial, Wechter explained his conflicting identifications of the assailant were the result of the fact he was still on pain medication, still had the staples in his head, and, overall, did not feel like himself during the July 4, 1997 line-up. Wechter admitted he spent more time and took more care in his review of the second photo array from which he identified appellant. Wechter also identified appellant at trial as the individual who accosted him on June 20, 1997.
At the close of its case, the State offered Wechter's medical records into evidence. Appellant's trial counsel stipulated to the admission of the records. Thereafter, the trial court admitted the evidence. After closing arguments, the State requested the trial court redact from the medical records a sentence which reads, "[Wechter] was investigating some rental property when apparently he was accosted by a 6'1" 190, 200 pound black male with whom he was not familiar." The State argued the sentence was hearsay; therefore, inadmissible. Defense counsel objected to redacting the sentence asserting Wechter's description was relevant because the case turned on the identification of the assailant. The trial court overruled appellant's objection and ordered the sentence redacted.
After hearing all the evidence and deliberations, the jury found appellant guilty of felonious assault and aggravated robbery. The trial court sentenced appellant to a determinate term of six years imprisonment on the charge of felonious assault, and a determinate term of nine years imprisonment on the charge of aggravated robbery. The trial court ordered the sentences to be served consecutively.
It is from this conviction and sentence appellant prosecutes this appeal raising the following the assignments of error:
 I. THE TRIAL COURT ERRED IN STRIKING FROM THE MEDIAL RECORDS THE DESCRIPTION GIVEN BY THE VICTIM TO THE MEDICAL PERSONNEL.
 II. APPELLANT WAS DEPRIVED OF HIS RIGHT OT EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 III. THE PROSECUTOR COMMITTED A PREJUDICIAL ACT OF MISCONDUCT AS A RESULT OF HIS STATEMENTS DURING HIS CLOSING ARGUMENT AND REBUTTAL.
 IV. THE JURY VERDICT FINDING APPELLANT GUILTY OF AGGRAVATED ROBBERY AND FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 I
In his first assignment of error, appellant maintains the trial court erred in redacting from the medical records the description of the assailant Wechter gave to medical personnel.
The redacted statement is unquestionably hearsay and does not fall within any of the hearsay exceptions under Evid.R. 803 and 804. However, we hold a party cannot offer evidence, the admission of which the opposing party stipulates; allow the trial court to admit that evidence in its complete form; proceed with the case; and, after closing arguments, request the trial court to redact a portion of that evidence. By offering the complete medical records, we find the State waived its right to object to its own evidence and is estopped from altering that evidence after the close of the presentation of evidence. Accordingly, we find the trial court erred in redacting the medical records upon the State's request and over appellant's objection.
Having found error in the exclusion of this evidence, we must review the effect of such error in light of Evid.R. 103(A) and the standard established in Crim.R. 52(A), which provide error in the admission or exclusion of evidence is harmless unless the record demonstrates the error affected appellant's substantial right. See, Staff Note to Evid.R. 103(A).
During his direct examination, Wechter admitted he originally identified another individual as his attacker, but offered an explanation for this mistake. On cross-examination, Wechter testified he told the police the individual who accosted him was a "[b]lack male, round face, medium complexion, my height or shorter, not overly athletic in build." Transcript of Proceedings, Vol. 2, p. 33. On redirect, Wechter indicated he stood 5' 8 ~", 5' 9" tall. Tr. at 36. To emergency room personnel, as memorialized in his medical records, Wechter described his assailant as a "6'1" 190, 200 pound black male with whom he was not familiar." A review of the record reveals appellant stands 5' 7" tall and weighs approximately 190 pounds.
The redacted portion of the medical records provides additional, corroborative evidence of a second misidentification by the victim and is highly relevant in light of Wechter's previous misidentification. Because the victim previously misidentified his attacker and because the redacted statement contradicts the photo line-ups and the victim's trial testimony, we find the trial court's exclusion of the victim's description in the medical records is not harmless error.
Appellant's first assignment is sustained.
 II, III, IV
In light of our disposition of appellant's first assignment of error, we find it unnecessary to address appellant's remaining assignments of error.
The convictions and sentence of the Stark County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with law and this opinion.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.